# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROSITA M. MARINO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV768 TIA |
| | ) | |
| JANET NAPOLITANO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the submission of a petition challenging a deportation order brought by a non-attorney husband on behalf of his wife. The petition must be stricken because it has not been signed by petitioner, and even if the petition were signed by the petitioner, the Court would dismiss this action for lack of jurisdiction.

Stephen Marino purports to bring this action on behalf of his wife, Rosita Marino, challenging her order of deportation after she was convicted of a felony. Stephen Marino claims that Rosita Marino gave him power of attorney, and he believes this authorizes him to pursue this action on behalf of his wife. Although no jurisdictional basis is stated in the petition, it appears that Mr. Marino is attempting to bring this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. It further appears that Mrs. Marino has already been deported to Italy.

Title 28 U.S.C. § 1654 states, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ." This means that only licensed attorneys may represent other persons before this Court. Rosita Marino's grant of power of attorney to her husband does not satisfy this requirement.

Rule 11 of the Federal Rules of Civil Procedure states, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Normally, the Court would give Rosita Marino an opportunity to sign the petition. However, for the reasons stated below, it would be futile to do so.

An alien seeking judicial review of a removal order must file a petition for review "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). The district courts do not have jurisdiction to hear habeas challenges to deportation proceedings. 8 U.S.C. § 1252(a)(5). As a result, even if the petition were properly before the Court, the Court would dismiss it for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the petition is **STRICKEN** pursuant to Rule 11(a) of the Federal Rules of Civil Procedure.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  5th  day of May, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE